# EXHIBIT "A"

01/11/2016 12:41PM

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Gregg A. Farley (SBN 115593)<br>Law Offices of Gregg A. Farley<br>880 Apollo Street, Suite 222<br>El Segundo, California 90245<br>TELEPHONE NO.: 310-445-4024   FAX NO.: 310-445-4109<br>ATTORNEY FOR *(Name):* Plaintiff Mari S. Bautista | **FOR COURT USE ONLY**<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County of Los Angeles<br><br>**JAN 09 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Cristina Grijalva, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District -- Stanley Mosk Courthouse

CASE NAME:
Bautista v. Best Buy Stores, L.P.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 6 4 5 9 2 5 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 9, 2017

Gregg A. Farley
(TYPE OR PRINT NAME)                                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BEST BUY STORES, L.P., a Virginia limited partnership; and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARI S. BAUTISTA, an individual, appearing on behalf of herself and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 09 2017

Sheari R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles County Superior Court, 111 N. Hill St., Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):* **BC 645925** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gregg A. Farley, 880 Apollo Street, Suite 222, El Segundo, CA 90245

| DATE: January 9, 2017 | SHERRI R. CARTER | Clerk, by | CRISTINA GRIJALVA | , Deputy |
|---|---|---|---|---|
| *(Fecha)* JAN 09 2017 | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Best Buy Stores, L.P.

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☑ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☑ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  Gregg A. Farley (State Bar No. 115593)
   LAW OFFICES OF GREGG A. FARLEY
2  880 Apollo Street, Suite 222
   El Segundo, California 90245
3  Telephone: (310) 445-4024
4  Facsimile: (310) 445-4109

5  Sahag Majarian II (State Bar No. 146621)
   LAW OFFICES OF SAHAG MAJARIAN
6  18250 Ventura Blvd.
   Tarzana, California 91356
7  Telephone: (818) 609-0807
8  Facsimile: (818) 609-0892

9  Attorneys for Plaintiff Mari S. Bautista, appearing on behalf
10 of herself and all others similarly situated

11            SUPERIOR COURT OF CALIFORNIA

12            FOR THE COUNTY OF LOS ANGELES

13 MARI S. BAUTISTA, an individual,  )  Case No.:    BC 6 4 5 9 2 5
   appearing on behalf of herself and all )
14 others similarly situated,         )
                                      )  CLASS ACTION COMPLAINT FOR:
15            Plaintiff,              )
                                      )  1.  Violation of Labor Code §§ 204, 218
16                                    )      (Failure to Pay Wages for Hours
             vs.                      )      Worked)
17                                    )  2.  Violation of Labor Code §§ 510 (Failure
   BEST BUY STORES, L.P., a Virginia )      to Pay Overtime Wages)
18 limited partnership; and DOES 1-25, )  3.  Violation of Labor Code § 226(a)
                                      )      (Failure to Provide Legally-Compliant
19           Defendants.             )      Wage Statements)
                                      )  4.  Violation of Labor Code §§ 201-203
20                                    )      (Failure to Pay Wages on a Timely Basis
                                      )      after Discharge)
21                                    )  5.  Violation of Business & Professions Code
                                      )      §§ 17200 et seq.
22                                    )
                                      )
23                                    )      Jury Trial Demanded
                                      )
24                                    )
                                      )
25 _____)

26

27

28

CLASS ACTION COMPLAINT - 1

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 0.9 2017

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

Plaintiff Mari S. Bautista ("Plaintiff") brings this action on behalf of herself and all others similarly situated.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mari S. Bautista ("Plaintiff") is an individual and former non-exempt employee of Defendants who worked as a customer service employee and back office employee for Defendants from approximately February 2015 until approximately September 2016, at Defendants' retail store no. 137 located at 1501 N. Victory Pl., Burbank, California 91504.

2. Plaintiff is informed and believes and, on that basis, alleges that Defendant Best Buy Stores, L.P. ("Defendant Best Buy" or "Best Buy") is a Virginia limited partnership with its principal place of business located in Richfield, Minnesota. However, Plaintiff does not know the principal place of business or citizenship of the general or limited partners in the Best Buy limited partnership. At all times relevant hereto, Defendant Best Buy has done business in Los Angeles County, California. On information and belief, at all times relevant hereto, Defendant Best Buy has been engaged in the business of purchasing, selling or distributing goods and other merchandise at Best Buy stores or over the internet. As retailer of consumer goods and merchandise, Defendant Best Buy is a member of the "Mercantile Industry," as defined in Industrial Welfare Commission ("IWC") Order No. 7-2001 regulating the wages, hours and working conditions in the Mercantile Industry.

3. Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 25, inclusive, and, for that reason, said Defendants are sued under such fictitious names. In particular, Does 1-5 are Defendants who are believed to be joint or additional employers of Plaintiff and the members of the Class. Plaintiff is informed and believes and, based thereon, alleges that each of said fictitious Defendants is and was

responsible in some manner for the injuries complained of herein. Plaintiff will seek leave to amend to name and serve such fictitiously named Defendants pursuant to Code of Civil Procedure Section 474 once their identities become known.

4. The monetary and equitable relief sought by Plaintiff on behalf of herself and the Class defined below exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. The Court has personal jurisdiction over the Defendants because they are either citizens of this State, doing business in this State or otherwise have minimum contacts with this State. Venue is proper in Los Angeles County inasmuch as Plaintiff was employed by Defendants in this County, Defendants conduct business in this County and many of the acts complained of herein occurred in this County.

5. At all times relevant hereto, Defendants employed persons and conducted business operations in California. Defendants are therefore subject to the provisions of the California Labor Code, the applicable Wage Order issued by the IWC, the California Business and Professions Code Sections 17200 *et seq.* ("Unfair Competition Law" or "UCL") and other relevant California law.

6. Plaintiff is informed and believes and, based thereon, alleges that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiff is informed and believes and, based thereon, alleges that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to, the commission of the acts complained of herein. Defendants are therefore jointly and severally liable for the injuries complained of herein.

## CLASS ALLEGATIONS

7. Plaintiff brings this action pursuant to California Code of Civil Procedure Section 382 on behalf of herself and the Class described below. The Class is comprised of and defined as:

> All current and former employees of Defendants who were employed as non-exempt employees at any of Defendants' locations anywhere in California, at any time from four years prior to the initiation of this action until the date of certification (hereinafter "the Class period").

8. There exists a well-defined community of interest among the Class, and the Class is readily ascertainable for the following reasons:

a. The members of the Class are so numerous that joinder of all members in a single action would not be feasible or practical. Plaintiff alleges on information and belief and, based thereon, allege that the members of the Class exceed one hundred (100) persons.

b. The Plaintiff's claims are typical of the claims of the rest of the Class, and Plaintiff will fairly and adequate represent the interests of the Class.

c. Common issues of fact or law predominate in this action over any allegedly individual issues. Specifically, the following common issues of fact or law predominate and make this action superior to individual actions:

(i) whether Plaintiff and the rest of the Class are entitled to recover damages, penalties or equitable relief on the grounds that Defendants have used uniform policies and procedures that have consistently violated California labor laws and regulations and caused Plaintiff and rest of the Class to suffer the same or similar injuries;

(ii) whether Defendants have failed to pay overtime wages due Plaintiff and the rest of the Class, in violation of Labor Code Section 204;

1                 (iii) whether Defendants have failed to pay overtime wages due Plaintiff and

2  the rest of the Class, in violation of Labor Code Section 510;

3                 (iv)  whether Defendants have failed to provide accurate and complete

4  itemized wage statements to Plaintiff and the rest of the Class in accordance with the

5  requirements of Labor Code Section 226(a)(1)-(9);

6                 (v)  whether Defendant furnished wage statements to Plaintiff and the rest of

7  the Class which complied with Labor Code Section 226(a)(9) by showing all applicable

8

9  overtime hourly rates of pay in effect during each pay period and the corresponding number

10  of hours worked at each such overtime hourly rate;

11                 (vi)  whether Defendants have failed to pay overtime wages due Plaintiff and

12  the rest of the Class immediately upon the member of the Class being discharged or within

13  seventy-two (72) hours of the member quitting, as required by Labor Code Sections 201 and

14  202; and

15                 (vii)  whether Defendants' practices have constituted unfair, fraudulent, or

16

17  illegal business practices under Business and Professions Code Sections 17200 *et seq.*

18       9.  California labor laws under which Plaintiff asserts the following causes of action

19  on behalf of herself and the rest of the Class are broadly remedial in nature. These labor

20  laws serve an important public interest in establishing minimum working conditions and

21  standards in California.  They furthermore protect employees from exploitation by

22  employers who may seek to take advantage of their superior economic and bargaining power

23  in setting onerous terms and conditions of employment.  The class action mechanism is a

24  particularly efficient and appropriate procedure to redress the injuries alleged herein.  If each

25  employee in the Class was required to file an individual action, Defendants would be able to

26  use their superior financial and legal resources to gain an unfair advantage over each

27

28

---

CLASS ACTION COMPLAINT - 5

individual class member. Moreover, requiring each class member to pursue an individual action would also discourage the assertion of meritorious causes of action by employees who would likely be disinclined to file such individual actions due to a justifiable fear of retaliation and damage to their careers at subsequent employment.

10. In addition, even if feasible, individual actions by each member of the Class would create a substantial risk (i) of inconsistent or varying adjudications with respect to the claims of each member against Defendants, which in turn could establish potentially incompatible standards of conduct for Defendants, and/or (ii) of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interests of the other members. Furthermore, the claims of each individual member of the Class are not sufficiently large to make it economically feasible to bring each member's claims on an individual basis.

## GENERAL ALLEGATIONS

11. During the Class period, Defendants employed Plaintiff and the rest of the Class as non-exempt, hourly-paid employees in California. Plaintiff alleges that said Defendants adopted and maintained uniform policies, practices and procedures governing the working conditions of, and payment of wages to, to Plaintiff and the rest of the Class. As alleged below, Defendants' uniform policies, practices and procedures violated California's labor laws and constituted unfair, fraudulent or illegal business practices under Business & Professions Code Sections 17200 *et seq.* in that they resulted in the under-payment of overtime wages and legally non-compliant wage statements.

12. Labor Code Section 200 defines wages as including "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." As set

forth in Sections 49.1 *et seq.* of the Enforcement Policies and Interpretations Manual of the Division of Labor Standards Enforcement ("DLSE Manual"), overtime wages in California are calculated based on each non-exempt employee's regular rate of pay, which includes many different kinds of remuneration, such as hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses and the value of meals and lodging. Any sum paid for hours worked must be included in the calculation, as well as any payment for performing a duty must be included. Bonuses paid for employee productivity or to retain employees must also be included in the calculation of the regular rate of pay used in the computation of overtime wages.

13. DLSE Manual §§ 49.2.4 to 49.2.4.3 sets forth two different formulas or methodologies which employers in California are supposed to follow in calculating overtime for non-exempt employees based on production bonuses and retention bonuses. In DLSE Manual § 49.2.4, the formula or methodology for computing overtime on production bonuses is described as follows:

> 49.2.4  Computing Regular Rate and Overtime on a Bonus. When a bonus is based on a percentage of production or some formula other than a flat amount and can be computed and paid with the wages for the pay period to which the bonus is applicable, overtime on the bonus must be paid at the same time as the other earnings for the week, or no later than the payday for the next regular payroll period. (See Labor Code § 204) Since the bonus was earned during straight time as well as overtime hours, the overtime "premium" on the bonus is half-time or full-time (for double time hours) on the regular bonus rate. The regular bonus rate is found by dividing the bonus by the total hours worked during the period to which the bonus

applies. The total hours worked for this purpose will be all hours, including overtime hours. (See previous section)

14. Under this formula or methodology, because the production bonus is paid for both straight time as well as overtime hours, the amount of the bonus is divided by the total regular and overtime hours worked during the week to which the bonus is attributable. Furthermore, the regular bonus rate is then multiplied by 0.5[1] (not 1.5) times each overtime hour during the week or by 1.0 (not 2.0) times each double time hour during the week. Thus, in the example given in DLSE Manual § 49.2.4.1, a hypothetical employee, whose regular hourly rate of pay was $10, worked 40 regular or straight hours during a work week and 12 overtime hours, for a total of 52 hours worked during the week. This same hypothetical employee received a non-discretionary bonus of $138 attributable to that work week. Under this scenario, DLSE Manual § 49.2.4.1 indicates that the proper way to calculate overtime is to multiply the 12 overtime hours times $15 (1.5 X $10) to find the overtime due (i.e., $180) on the regular hourly rate. Moreover, to find the overtime due on the weekly bonus, DLSE Manual § 49.2.4.1 indicates that the bonus of $138 is to be divided by all the regular and overtime hours worked in the week ($138 ÷ 52 = $2.6538), then multiplied by .5 ($2.6538 X 0.5 = $1.33) or divided by 2.0 ($2.6538 ÷ 2 = $1.33) and then multiplied by the 12 overtime hours ($1.33 X 12 = $15.92) to arrive at the overtime due (i.e., $15.92) on the weekly bonus. In this example for the DLSE Manual, the total overtime owed on the bonus for the week is the combination of $180 plus $15.92, or $195.92.

15. In contrast, DLSE Manual § 49.2.4.2 sets forth the formula or methodology for computing overtime on flat sum retention bonuses as follows:

---

[1] The DLSE Manual actually refers to dividing the regular bonus rate by "2.0" which is mathematically equivalent to multiplying by 0.5.

49.2.4.2  If the bonus is a flat sum, such as $300 for continuing to the end of the season, or $5.00 for each day worked, the regular bonus rate is determined by dividing the bonus by the maximum legal regular hours worked during the period to which the bonus applies.  This is so because the bonus is not designed to be an incentive for increased production for each hour of work; but, instead is designed to insure that the employee remain in the employ of the employer.  To allow this bonus to be calculated by dividing by the total (instead of the straight time hours) would encourage, rather than discourage, the use of overtime.  Thus, a premium based on bonus is required for each overtime hour during the period in order to comply with public policy.

16.  Accordingly, because the flat sum retention bonus is not paid for both straight time as well as overtime hours, DLSE Manual § 49.2.4.2  requires that the amount of the retention bonus be divided only by the total regular or straight hours worked during the week to which the bonus is attributable.  To do otherwise and divide the retention bonus by all hours worked (including overtime hours) would, contrary to California's public policy, encourage overtime by decreasing the regular rate of pay for overtime each additional overtime hour that the employee was required to work during the week.  Hence in the example given in DLSE Manual§ 49.2.4.3, a hypothetical employee earns a flat sum retention bonus of $300 attributable to a period of multiple work weeks during which the employee worked 640 regular or straight hours, 116 overtime hours and 12 double time hours.  The bonus of $300 is divided by the 640 regular hours (not the total of 768 regular and overtime hours) to arrive at a regular bonus rate of $0.469 which is then multiplied by 1.5 or 2.0 for overtime and double time hourly rates of $0.703 and $0.938, respectively.  These overtime and double time hourly rates are then multiplied by 116 overtime and 12

double time hours, respectively, to come up with the figures of $81.56 ($0.703 X 116) and $11.25 ($0.938 X 12) for overtime on the bonus, for a total of $92.81. In this scenario, if the bonus of $300 were divided by all 768 regular, overtime and double time hours worked during the period when the bonus was earned, it would result in a significantly lower regular bonus rate of $0.391 ($300 ÷ 768 = $0.391). Multiplying this figure of $0.391 times 0.5 times 116 overtime hours would result in overtime compensation on the bonus for the overtime hours of $22.68, or $58.88 less than the $81.56 that the employee would otherwise be entitled to receive. Likewise, multiplying $0.391 times 1.0 times 12 double time hours would result in overtime compensation on the bonus for the overtime hours of $4.69, or $6.56 less than the $11.25 that the employee would otherwise be entitled to receive. Stated otherwise, under the scenario where the flat sum retention bonus is divided only by regular or straight hours and multiplied by 1.5, the total overtime due on the bonus would be $81.56, while under the scenario where the bonus is divided by all hours and multiplied by 0.5, the total overtime due would be only $27.37 ($22.68 + $4.69).

17. Thus, under the DLSE Manual §§ 49.2.4 to 49.2.4.3, the production bonus is to be divided by all regular and overtime hours worked in the week to which the bonus is attributable and the resulting product multiplied by 0.5 (or divided by 2.0 with the same result). Meanwhile, the flat sum retention bonus is to be divided only by the regular hours worked in the week to which the bonus is attributable and the resulting product multiplied by 1.5. Under both methodologies, the bonuses are allocated to the overtime worked during all of the work weeks during which the bonus was earned. This allocation of the bonuses to all of the work weeks during which the overtime is earned is consistent with 29 C.F.R. § 778.209 which states:

§ 778.209 Method of inclusion of bonus in regular rate.

(a) General rules. Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation. No difficulty arises in computing overtime compensation if the bonus covers only one weekly pay period. The amount of the bonus is merely added to the other earnings of the employee (except statutory exclusions) and the total divided by total hours worked. Under many bonus plans, however, calculations of the bonus may necessarily be deferred over a period of time longer than a workweek. In such a case the employer may disregard the bonus in computing the regular hourly rate until such time as the amount of the bonus can be ascertained. Until that is done he may pay compensation for overtime at one and one-half times the hourly rate paid by the employee, exclusive of the bonus. When the amount of the bonus can be ascertained, it must be apportioned back over the workweeks of the period during which it may be said to have been earned. The employee must then receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week.

(b) Allocation of bonus where bonus earnings cannot be identified with particular workweeks. If it is impossible to allocate the bonus among the workweeks of the period in proportion to the amount of the bonus actually earned each week, some other reasonable and equitable method of allocation must be adopted. For example, it may be reasonable and equitable to assume that the employee earned an equal amount of bonus each week of the period to which the bonus relates, and if the facts support this assumption additional compensation for each overtime week of the

period may be computed and paid in an amount equal to one-half of the average hourly increase in pay resulting from [the] bonus allocated to the week, multiplied by the number of statutory overtime hours worked in that week. Or, if there are facts which make it inappropriate to assume equal bonus earnings for each workweek, it may be reasonable and equitable to assume that the employee earned an equal amount of bonus each hour of the pay period and the resultant hourly increase may be determined by dividing the total bonus by the number of hours worked by the employee during the period for which it is paid. The additional compensation due for the overtime workweeks in the period may then be computed by multiplying the total number of statutory overtime hours worked in each such workweek during the period by one-half this hourly increase.

18. During the Class period Defendants committed various violations of California's Labor Code and the applicable Wage Order by miscalculating and under-paying overtime wages owed Plaintiff and the rest of the Class, including but not limited to:

a. Failure to Include Amount of Monthly Productivity Bonuses in the Calculation of Regular Rate of Pay Used to Compute Overtime Wages: Defendants paid monthly production bonuses to Plaintiff and other Class members when certain productivity goals were met. Accordingly, these production bonuses were non-discretionary and part of the overall compensation paid to employees for their services and should therefore have been included in the regular rate of pay used by Defendants to compute overtime. However, Defendants failed to include such production bonuses in the computation of overtime and therefore under-paid such overtime. Furthermore, under California law, Defendants should have apportioned and allocated such monthly production bonuses to each work week in the month during which such bonuses were earned, and each work week's apportioned amount

should have been used in the calculation of overtime. However, Defendants also failed to make any such apportionment and allocation, thereby resulting in the further miscalculation and under-payment of overtime wages owed Plaintiff and the rest of the Class. Attached hereto as Exhibit A and incorporated herein by reference is a wage statement, with an "advice date" of 4/1/16, furnished by Defendants to Plaintiff showing the payment of a monthly bonus of $107.97. Yet, this wage statement and other wage statements pre-dating and post-dating it do not show that Defendants apportioned and allocated the amount of the monthly bonus among the work weeks during which the bonus was earned and do not show Defendants included the monthly bonus in the calculation of the regular rate of pay used to compute Plaintiff's overtime wages. This exemplar is but one example of Defendants' violations, and Plaintiff alleges that Defendants failed to include other monthly bonuses in the overtime wages paid to Plaintiff and the rest of the Class.

b. Failure to Include Amount of Quarterly Productivity Bonuses in the Calculation of Regular Rate of Pay Used to Compute Overtime Wages: Defendants paid quarterly production bonuses to Plaintiff and other Class members when certain productivity goals were met. Accordingly, these production bonuses were non-discretionary and part of the overall compensation paid to employees for their services and should therefore have been included in the regular rate of pay used by Defendants to compute overtime. However, Defendants failed to include such production bonuses in the computation of overtime and therefore under-paid such overtime. Furthermore, under California law, Defendants should have apportioned and allocated such quarterly production bonuses to each work week in the quarter during which such bonuses were earned, and each work week's apportioned amount should have been used in the calculation of overtime. However, Defendants also failed to make any such apportionment and allocation, thereby resulting in the further miscalculation

and under-payment of overtime wages owed Plaintiff and the rest of the Class. Attached hereto as Exhibit B and incorporated herein by reference is a wage statement, with an "advice date" of 9/4/15, furnished by Defendants to Plaintiff showing the payment of a quarterly bonus of $288.32. Yet, this wage statement and other wage statements pre-dating and post-dating it do not show that Defendants apportioned and allocated the amount of the monthly bonus among the work weeks in the quarter during which the bonus was earned and do not show Defendants included the quarterly bonus in the calculation of the regular rate of pay used to compute Plaintiff's overtime wages. This exemplar is but one example of Defendants' violations, and Plaintiff alleges that Defendants failed to include other quarterly bonuses in the overtime wages paid to Plaintiff and the rest of the Class.

c. Failure to Include Amount of Merchandise Received in the Calculation of Regular Rate of Pay Used to Compute Overtime Wages: Plaintiff and other Class members received merchandise from Defendants which Defendants reported as earnings on its wage statements furnished to Plaintiff and the rest of the Class. These earnings in the form of merchandise constituted part of the overall compensation paid to employees for their services and should therefore have been included in the regular rate of pay used by Defendants to compute overtime. However, Defendants failed to include such merchandise earnings in the computation of overtime and therefore under-paid such overtime. Attached hereto as Exhibit C and incorporated herein by reference is a wage statement, with an "advice date" of 9/2/16, furnished by Defendants to Plaintiff showing the payment of earnings in the form of "merchandise rcvd" in the amount of $13.34. Yet, this wage statement and other wage statements pre-dating and post-dating it do not show that Defendants included the merchandise earnings in the calculation of the regular rate of pay used to compute Plaintiff's overtime wages. This exemplar is but one example of Defendants' violations, and Plaintiff

alleges that Defendants failed to include other merchandise earnings in the overtime wages paid to Plaintiff and the rest of the Class.

   d. Failure to Include Amount of Other Compensation in the Calculation of Regular Rate of Pay Used to Compute Overtime Wages: During a portion of the Class period, Plaintiff and other Class members received "points" from Defendants which Defendants reported as earnings on its wage statements furnished to Plaintiff and the rest of the Class. These earnings in the form of "points" constituted part of the overall compensation paid to employees for their services and should therefore have been included in the regular rate of pay used by Defendants to compute overtime. Although Defendants apparently attempted to include such "points" in the computation of overtime, Plaintiff is informed and believes that Defendants failed to apportion and allocate such "points" to the work weeks when the "points" were earned, resulting in a miscalculation and under-payment of overtime wages. Attached hereto as Exhibit D and incorporated herein by reference is a wage statement, with an "advice date" of 7/10/15, furnished by Defendants to Plaintiff showing the payment of earnings in the form of "points rcvd gu" in the amount of $25.07. Yet, this wage statement and other wage statements pre-dating and post-dating it do not show that Defendants apportioned and allocated the "points" to the work weeks when earned when calculating the overtime wages on such "points." Moreover, Defendants violated Labor Code Section 266(a)(9) by failing to show in the wage statements the overtime rate of pay based on such "points." This exemplar is but one example of Defendants' violations, and Plaintiff alleges that Defendants failed to make the legally-required calculations in computing the overtime wages owed to Plaintiff and the rest of the Class based on such "points."

   e. Failure to Furnish Accurate and Complete Wages Statements: Defendants failed to provide accurate wage statements to Plaintiff and the rest of the Class as a consequence,

among other things, of the above-mentioned failures by Defendants to pay for the legally-required overtime wages owed to Plaintiff and the rest of the Class.  Furthermore, Defendants failed to provide wage statements to Plaintiff and the rest of the Class that contained all of the items of information required by Labor Code Section 226(a)(1)-(9) and necessary to make the wage statements complete and accurate.  Defendants also failed to pay any statutory penalties to Plaintiff and the rest of the Class pursuant to Labor Code Section 226(e) based on Defendants' knowing and intentional failure to comply with Labor Code Section 226(a), resulting in injury to employees.

f.  Failure to Pay on a Timely Basis All Final Wages Due Terminated or Resigned Employees:  Defendants failed to pay all wages due Plaintiff and other former employees in the Class on a timely basis immediately upon the employee being discharged or within seventy-two (72) hours of the member quitting.  Specifically and without limitation, during the Class period Defendants failed to pay all wages due Plaintiff and the rest of the Class as a consequence, among other things, of the above-mentioned failure to pay the legally-required overtime wages.  Consequently, overtime wages remained unpaid at the time employees were discharged or quit.  Furthermore, those wages which Defendants paid Plaintiff and other former employees at the time of discharge or quitting were paid late and not within the statutory time frames specified by Labor Code Sections 201 to 202.  In addition, Defendants failed to pay the one hour of additional wages required by Labor Code Section 203 on account of Defendants' willful failure to pay final wages on a timely basis.  For example and without limitation, when Plaintiff resigned from her employment with Defendants in September 2016, she gave more than seventy-two (72) hours' notice of her intention to resign but did not receive her final wages on a timely basis.  Instead, Plaintiff received a direct deposit into her bank account of her final wages on a regular pay day.

Attached hereto as Exhibit E and incorporated herein by reference is a copy of Plaintiff's wage statement, with a "pay date" of 10/14/15, showing that Plaintiff was not paid her final, accrued and un-used vacation wages until October 14, 2015, nearly one month after Plaintiff's resignation.  Likewise, attached hereto as Exhibit F and incorporated herein by reference is a copy of Plaintiff's wage statement, with a "pay date" of 9/27/16, showing that Defendant paid Plaintiff's final regular and overtime wages more than seventy-two (72) hours after her notice of resignation.  Defendants failed to pay any statutory penalties or wage premiums to Plaintiff, pursuant to Labor Code Section 203, for the late payment of such final wages.  These exemplars are but one example of Defendants' violations, and Plaintiff alleges that Defendants failed to pay final wages, including accrued and vested vacation wages, to the rest of the Class on a timely basis.

## FIRST CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTIONS 204 AND 218

#### (Against all Defendants)

19.  Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-18 inclusive.

20.  During the Class period, Labor Code Section 204 applied to Defendants' employment of Plaintiff and the rest of the Class.  At all times relevant hereto, Labor Code Section 204 provided that all wages earned by any employee, such as a member of the Class, in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the work was performed.  Furthermore, at all times relevant hereto, Labor Code Section 204 provided that all wages earned by any employee, such as a member of the Class, in any employment between the 16th and last day,

1  inclusive, of any calendar month, other than those wages due upon termination of an

2  employee, are due and payable between the 1st and 10th day of the following month.

3       21. During the Class period, Defendants failed to pay Plaintiff and the rest of the

4  Class the legally-required overtime wages for all overtime hours worked. For example, and

5  without limitation, Plaintiff is informed and believes and, based thereon, alleges that

6  Defendants failed to compute, in accordance with California law, the overtime wages due

7  Plaintiff and the rest of the Class based on all the compensation and remuneration received

8
9  from Defendants. As a consequence, Defendants miscalculated and underpaid the overtime

10  wages of Plaintiff and the rest of the Class.

11       22. In summary, during the Class period, Defendants failed to pay Plaintiff and the

12  rest of the Class for overtime wages earned and therefore violated Labor Code Section 204.

13  Accordingly, Plaintiff and the rest of the Class are entitled to recover all damages, penalties

14  and other remedies available for violation of Labor Code Section 204. Specifically, Labor

15  Code Section 218 authorizes a private right of action for violations of Labor Code Section

16
17  204. Pursuant to Labor Code Section 218, Plaintiff seeks to recover such relief for violation

18  of Section 204 on behalf of herself and the rest of the Class.

19                          **SECOND CAUSE OF ACTION**

20              **FOR VIOLATION OF LABOR CODE SECTIONS 510 AND THE**

21                          **APPLICABLE IWC ORDER**

22                              (Against all Defendants)

23       23. Plaintiff re-alleges and incorporates herein by this reference each of the

24
25  allegations set forth in Paragraphs 1-22 inclusive.

26       24. During the Class period, Labor Code Section 510 applied to Defendants'

27  employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code

28

Section 510 and the applicable IWC order provided that it was unlawful to employ persons such as members of the Class without compensating them at a rate of pay either one and one-half (1½) or two (2) times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis. Specifically, the applicable IWC order provided that Defendants were required to pay Plaintiff and the rest of the Class at the rate of one and one-half (1½) times the Class member's regular rate of pay if the Class member worked more than eight (8) hours in a day or more than forty (40) hours in a work week. Furthermore, Defendants were required to pay Plaintiff and the rest of the Class at the rate of two (2) times the Class member's regular rate of pay if the Class member worked more than twelve (12) hours a day.

25. Plaintiff is informed and believes and, based thereon, alleges that, during the Class period, Defendants failed to pay Plaintiff and the rest of the Class all of the overtime wages that they were due and therefore violated Labor Code Section 510 and the applicable Wage order. Specifically, and without limitation, Defendants failed to include non-discretionary bonuses, the value of merchandise and/or other forms of compensation in the calculation of the regular rate of pay for overtime purposes or used the wrong formula to calculate such overtime wages. As a consequence, Defendants underpaid the overtime wages due Plaintiff and the rest of the Class. Accordingly, Plaintiff and the rest of the Class are entitled to recover from Defendants all damages, penalties and other remedies available for violations of Labor Code Section 510.

//

//

//

//

## THIRD CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE SECTION 226(a)

### (Against all Defendants)

26. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1- 25 inclusive.

27. During the Class period, Labor Code Section 226(a) applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code Section 226(a) required that employers such as Defendants furnish to their employees, semi-monthly or at the time of each payment of wages, an accurate itemized statement in writing showing such matters as the gross wages earned, the total hours worked, the net wages earned and all applicable hourly rates, including overtime rates and the corresponding number of hours worked at overtime rates, during the pay period.

28. Plaintiff is informed and believes and, based thereon, alleges that during the Class period Defendants knowingly and intentionally failed to provide such accurate itemized wage statements to Plaintiff and the rest of the Class members, in that such statements failed to show accurately and completely the gross and net wages earned, all applicable overtime rates of pay and the corresponding number of hours worked at such overtime rates, and therefore Defendants violated Labor Code Section 226(a). Furthermore, Defendants failed to provide wage statements to Plaintiff and the rest of the Class that contained all of the items of information required by Labor Code Section 226(a)(1)-(9) and necessary to make the wage statements complete and accurate. Plaintiff and the rest of the Class members suffered injury as a result of this failure to comply with Labor Code Section 226(a).

29. For example and without limitation, the wage statements furnished to Plaintiff and the other Class members were inaccurate for the reason that Defendants did not calculate the overtime wages due Plaintiff and the rest of the Class in accordance with California law and in fact underpaid such overtime wages. The miscalculation and underpayment of such overtime wages resulted in the wage statement provided to Plaintiff and the other Class members each pay period being inaccurate. In addition, contrary to Labor Code Section 226(a)(9), the wage statements furnished by Defendants sometimes did not show the overtime rate of pay and corresponding number of hours worked at such overtime rate of pay.

30. Accordingly, pursuant to Labor Code Section 226(e), Plaintiff and each member of the Class are entitled to recover from Defendants fifty dollars ($50) for the initial violation of Labor Code Section 226(a) and one hundred dollars ($100) for each subsequent violation, up to a maximum of $4,000 per member.

## FOURTH CAUSE OF ACTION

### FOR VIOLATION OF LABOR CODE SECTIONS 201-203

### (Against all Defendants)

31. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth in Paragraphs 1-30 inclusive.

32. During the Class period, Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the rest of the Class. At all times relevant hereto, Labor Code Section 201 provided that, if an employer such as Defendants discharged an employee such as a member of the Class, the wages earned and unpaid at the time of discharge were due and payable immediately. Furthermore, Labor Code Sections 202 provided that, if an employee such as a member of the Class voluntarily left his or her

employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

33. Plaintiff is informed and believes and, based thereon, alleges that, during the Class period, Defendants willfully failed to pay former employees in the Class their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting. Furthermore, Plaintiff voluntarily resigned in September 2016, but Defendants failed to pay her, on a timely basis, all of the overtime and other wages due her, including accrued and vested vacation wages. Defendants therefore violated Labor Code Section 201 and 202.

34. As alleged above, Defendants miscalculated and underpaid the actual amount of overtime wages due Plaintiff and the rest of the Class. These unpaid amounts were still owing to former employees in the Class when they ended their employment with Defendants. Those wages which Defendants in fact paid Plaintiff and other former employees in the Class at the time of termination or quitting were paid late and not within the time frames specified by Labor Code Sections 201 to 202. Consequently, Defendants willfully failed to timely pay all wages due former employees in the Class at the time that their employment ended and committed both "direct" and "derivative" violations of the statutes.

35. During the Class period, Labor Code Section 203 provided that, if employers such as Defendants willfully fail to pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, but the wages shall not

continue for more than thirty (30) days.  Accordingly, Class members who were discharged or who quit during the Class period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days.

## FIFTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE

## SECTIONS 17200 *ET SEQ.*

### (Against all Defendants)

36.  Plaintiff re-alleges and incorporates herein by this reference each of the allegations in Paragraphs 1-35 inclusive.

37.  During the Class period, Defendants' practices, as alleged above, have been and continue to be unfair, fraudulent and illegal, and harmful to Plaintiff, the rest of the Class members and the general public.  Defendants' above-alleged practices constitute violations of Business and Professions Code Sections 17200 *et seq.*  Specifically, a practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code Sections 17200 *et seq.*

38.  Among other things, the following practices of Defendants, as alleged above, constitute unfair business practices:

a.  Defendants' failure to pay overtime wages for overtime hours worked, as required by Labor Code Section 204;

b.  Defendants' failure to pay overtime wages for overtime hours worked, as required by Labor Code Seciton 510;

c.  Defendants' knowing and intentional failure to provide accurate and complete wage statements, as required by Labor Code Section 226(a); and

d. Defendants' willful failure to pay unpaid wages to former employees in the Class immediately upon discharge or within seventy-two (72) hours of the Class member quitting.

39. Accordingly, pursuant to Business and Professions Code Section 17200 *et seq.*, Plaintiff and the rest of the Class are entitled to restitution of wages and other property held by Defendants and/or equitable relief requiring Defendants to pay all wages and other sums due the Class during the Class period.

40. Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code Section 17203, in that they have suffered injury in fact and have lost money as a result of Defendants' policies, practices and procedures, as more fully set forth elsewhere in this pleading.

## PRAYER

WHEREFORE, Plaintiff prays for judgment on behalf of herself, the rest of the Class and other aggrieved employees, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For compensatory damages for unpaid overtime wages earned during each pay period in accordance with Labor Code Section 204;

2. For prejudgment interest; and

3. For reasonable attorney's fees and costs.

### ON THE SECOND CAUSE OF ACTION

1. For compensatory damages for unpaid overtime wages;

2. For prejudgment interest; and

3. For reasonable attorney's fees and costs.

//

//

## ON THE THIRD CAUSE OF ACTION

1.  For penalties under Labor Code 226(e) for the failure to provide accurate and complete wage statements in accordance with Labor Code §226(a);

2.  For an order pursuant to Labor Code Section 226(g) requiring Defendants to comply with Labor Code §226(a) with respect to Plaintiff and all other currently employed Class members; and

3.  For reasonable attorney's fees and costs.

## ON THE FOURTH CAUSE OF ACTION

1.  For the wages of each Class member at their regular daily rate up to a maximum of thirty (30) days;

2.  For prejudgment interest; and

3.  For reasonable attorney's fees and costs.

## ON THE FIFTH CAUSE OF ACTION

1.  For restitution of all unpaid wages, overtime and other monies withheld from Plaintiff and the rest of the Class together with the disgorgement of profits received as a result of Defendants' unfair, unlawful or fraudulent business practices; and

2.  For reasonable attorney's fees and costs.

## ON ALL CAUSES OF ACTION

1.  For certification of the action as a class action;

2.  For attorney's fees and costs pursuant to Civil Procedure Section 1021.5, the Labor Code, the "common fund" theory, the "substantial benefit" theory and/or any other applicable theory or doctrine;

3.  For prejudgment interest; and

4.  For such further relief as the Court may deem appropriate.

Dated: January 9, 2017

LAW OFFICES OF GREGG A. FARLEY

By:

Gregg A. Farley
Attorneys for Plaintiff Mari S. Bautista,
appearing on behalf of herself and all others
similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the rest of the Class on all claims so triable.

Dated: January 9, 2017

LAW OFFICES OF GREGG A. FARLEY

By:

Gregg A. Farley
Attorneys for Plaintiff Mari S. Bautista,
appearing on behalf of himself and all others
similarly situated

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A





# Earnings Statement

Loc: 000137

Best Buy Stores, L.P.
7601 Penn Avenue South
Richfield MN 55423

| | |
|---|---|
| Period Beg/End: | Page 001 of 001 |
| | 03/13/2016 - 03/26/2016 |
| Advice Date: | 04/01/2016 |
| Advice Number: | 2610874415 |
| Batch Number: | 160330DSU124 |

Marital Status: Single
Exemptions/Allowances:
Federal: 03      $0.00
CA:      04      $0.00

Mari S Bautista
12850 Cimarron Way
Victorville,  CA  92392

| Earnings | Rate | Hours This Period | Year-to-Date |
|---|---|---|---|
| Doubletime | | 0.00 | 36.34 |
| Holiday | | 0.00 | 208.00 |
| Vacation | | 0.00 | 214.24 |
| Time Entry Wages | 13.19 | 61.79 | 827.38 | 6078.86 |
| Overtime | 20.09 | 1.17 | 23.50 | 397.04 |
| CA Meal Break | | 0.00 | 39.00 |
| Monthly Bonus | | 107.97 | 255.10 |
| Meal Break OT | | 0.00 | 2.19 |
| Merchandise Rcvd | | 0.00 | 3.07 |

## Tax Deductions

| | | |
|---|---|---|
| Federal Tax | 48.46 | 155.49 |
| CA Disability | 7.89 | 59.49 |
| Social Security | 54.34 | 412.25 |
| Medicare | 12.70 | 96.41 |
| CA State Tax | 7.13 | 70.04 |

## Additional Deductions

| | | |
|---|---|---|
| *Dental | 9.02 | 63.14 |
| *Vision | 3.97 | 27.79 |
| *Medical | 69.36 | 485.66 |

**'*' - Indicates Pre-Tax Deduction**

**Other Benefits and Information**
Vacation Balance                                      4.64

**Message**
March Rcvd can be GeekSquad purchases, rcv
merchandise, tickets or awards. Search Pay
Go to MYHR (hr.bestbuy.com)  for details



Best Buy Stores,  L.P.
7601 Penn Avenue South
Richfield  MN  55423

| | |
|---|---|
| Advice  Number: | 2610874415 |
| Advice  Date: | 04/01/2016 |

**THIS IS NOT A CHECK**

**Deposited to the account of**
Mari S Bautista

| | Account Number | Transit  ABA | Amount |
|---|---|---|---|
| Checking | XXXXXXXXX0779 | 124071889 | $745.96 |

1

2

3

4

# EXHIBIT B

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





Loc: 000137

Best Buy Stores, L.P.
7601 Penn Avenue South
Richfield MN 55423

# Earnings Statement

| | | |
|---|---|---|
| Period Beg/End: | Page 001 of 001 | |
| Advice Date: | 08/16/2015 - 08/29/2015 | |
| Advice Number: | 09/04/2015 | |
| Batch Number: | 2449929364 | |
| | 150901DSU060 | |

Marital Status: Exempt
Exemptions/Allowances:
Federal: 00     $0.00
CA:      00     $0.00

Mari S Bautista
6811 Toler Ave
Bell Gardens,  CA 90201

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| Absence | | | 0.00 | 104.00 |
| Holiday | | | 0.00 | 208.00 |
| PTO | | | 0.00 | 52.00 |
| Previous Period Hrs | | | 0.00 | 46.92 |
| Time Entry Wages | 13.00 | 77.25 | 1004.25 | 10982.66 |
| Overtime | 19.50 | 1.78 | 34.71 | 328.94 |
| CA Meal Break | 13.00 | 1.00 | 13.00 | 221.00 |
| Monthly Bonus | | | 171.04 | 523.90 |
| Quarterly Bonus | | | 288.32 | 288.32 |
| Meal Break OT | | | 0.55 | 5.77 |
| Points Revd GU | | | 0.00 | 78.49 |
| Points Revd OT | | | 0.00 | 0.80 |
| Merchandise Revd | | | 0.00 | 27.89 |

## Tax Deductions

| | | This Period | Year-to-Date |
|---|---|---|---|
| Federal Tax | | 0.00 | 996.96 |
| CA Disability | | 13.50 | 113.83 |
| Social Security | | 93.79 | 797.86 |
| Medicare | | 21.94 | 186.60 |
| CA State Tax | | 50.93 | 262.00 |

## Additional Deductions

| | This Period | Year-to-Date |
|---|---|---|
| Points Revd GU NA | 0.00 | 45.00 |

## Other Benefits and Information

| | |
|---|---|
| Absence Balance | 40.00 |
| Vacation Balance | 37.54 |

## Message

Merch Revd can be GeekSquad purchases, rcv
merchandise, tickets or awards. Search Pay
Earning and Deduction on MYHR for details.



Best Buy Stores, L.P.
7601 Penn Avenue South
Richfield MN 55423

Deposited to the account of
Mari S Bautista

THIS IS NOT A CHECK

| | | |
|---|---|---|
| Advice Number: | 2449929364 | |
| Advice Date: | 09/04/2015 | |

| Account Number | Transit ABA | Amount |
|---|---|---|
| Checking XXXXX9769 | 322271627 | $1332.91 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C





Loc: 000127
Emp Nbr: 1180865

**Best Buy Stores, L.P.**
612-291-1000
7601 Penn Avenue South
Richfield MN 55423

Marital Status: Exempt
Exemptions/Allowances:
  Federal: 00    $0.00
  CA:    03    $0.00

# Earnings Statement

Page 001 of 001
Period Beg/End:  08/14/2016 - 08/27/2016
Pay Date:  09/02/2016
Advice Number:  2713251272
Batch Number:  160830DSU110

Mari S Bautista
845 E 78th St
Los Angeles, CA 90001

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| Absence | | | 0.00 | 508.82 |
| Bereavement | | | 0.00 | 107.12 |
| Doubletime | | | 0.00 | 38.80 |
| Holiday | | | 0.00 | 422.24 |
| Previous Period Hrs | | | 0.00 | 101.50 |
| Vacation | | | 0.00 | 533.19 |
| Time Entry Wages | 13.39 | 67.42 | 902.76 | 16025.45 |
| Overtime | 20.09 | 0.55 | 11.05 | 1215.03 |
| CA Meal Break | | | 0.00 | 119.34 |
| Monthly Bonus | | | 155.36 | 839.76 |
| Meal Break OT | | | 0.00 | 12.87 |
| Merchandise Rcvd | | | 13.36 | 16.41 |

| Tax Deductions | | | | |
|---|---|---|---|---|
| Federal Tax | | | 0.00 | 275.18 |
| CA Disability | | | 9.01 | 164.95 |
| Social Security | | | 62.08 | 1143.71 |
| Medicare | | | 14.52 | 267.48 |
| CA State Tax | | | 10.32 | 124.98 |

| Additional Deductions | | |
|---|---|---|
| *Dental | 9.03 | 162.36 |
| *Vision | 3.97 | 71.46 |
| *Medical | 69.38 | 1248.84 |

*** - Indicates Pre-Tax Deduction

| Other Information | Hours | Dollars |
|---|---|---|
| Absence Hrs Balance | 10.00 | |
| Vac Hrs Balance | 17.26 | |

Message
March Rcvd can be GeekSquad purchases, rcv
merchandise, tickets or awards. Search Pay
Go to MYHR (hr.bestbuy.com) for details

**Best Buy Stores, L.P.**
612-291-1000
7601 Penn Avenue South
Richfield MN 55423

Advice Number:  2713251272
Pay Date:  09/02/2016

THIS IS NOT A CHECK

Deposited to the account of
Mari S Bautista

| | Account Number | Transit ABA | Amount |
|---|---|---|---|
| Checking | XXXXXXXXX0779 | 124071889 | $891.87 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D





Loc: 000137

Best Buy Stores, L.P.
7601 Penn Avenue South
Richfield MN 55423

# Earnings Statement

|  |  |
|---|---|
|  | Page 001 of 001 |
| Period Beg/End: | 06/21/2015 - 07/04/2015 |
| Advice Date: | 07/10/2015 |
| Advice Number: | 2413388374 |
| Batch Number: | 150707DSU070 |

Marital Status: Single
Exemptions/Allowances:
　Federal: 03　　$0.00
　CA:　　 00　　$0.00

Mari S Bautista
6811 Tolar Ave
Bell Gardens,　CA 90201

| Earnings | Rate | Hours This Period | Year-to-Date |
|---|---|---|---|
| Holiday | 13.00 | 8.00 | 104.00 | 208.00 |
| Previous Period Hrs |  |  | 0.00 | 46.92 |
| Time Entry Wages | 13.00 | 78.63 | 1022.19 | 7235.93 |
| Overtime | 19.51 | 1.04 | 20.29 | 221.86 |
| CA Meal Break | 13.00 | 3.00 | 39.00 | 130.00 |
| Monthly Bonus |  |  | 0.00 | 145.78 |
| Meal Break OT |  |  | 0.71 | 1.91 |
| Points Rcvd GU |  |  | 25.07 | 78.49 |
| Points Rcvd OT |  |  | 0.64 | 0.80 |
| Merchandise Rcvd |  |  | 6.94 | 27.89 |

| Tax Deductions |  |  |
|---|---|---|
| Federal Tax |  | 85.11 | 388.28 |
| CA Disability |  | 10.62 | 71.71 |
| Social Security |  | 75.57 | 502.05 |
| Medicare |  | 17.67 | 117.41 |
| CA State Tax |  | 26.88 | 143.73 |

| Additional Deductions |  |  |
|---|---|---|
| Points Rcvd GU HA | 15.00 | 45.00 |

| Other Benefits and Information |  |
|---|---|
| Absence Balance | 48.00 |
| PTO | 40.00 |

Message
Action Required: Fill out a new W-4 in
myAline. See W-4 Setup and Changes in MYHR
for more details.



Best Buy Stores, L.P.
7601 Penn Avenue South
Richfield MN 55423

| Advice Number: | 2413388374 |
|---|---|
| Advice Date: | 07/10/2015 |

## THIS IS NOT A CHECK

| Deposited to the account of | Account Number | Transit ABA | Amount |
|---|---|---|---|
| Mari S Bautista | Checking XXXXXXX6218 | 122235821 | $981.05 |

1

2

3

4    # EXHIBIT E

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Loc: 000117
Emp Nbr: 1180865

Best Buy Stores, L.P.
612-291-1000
7601 Penn Avenue South
Richfield MN 55423

Marital Status: Exempt
Exemptions/Allowances:
Federal: 00      $0.00
CA:      03      $0.00

# Earnings Statement

Period Beg/End: 09/25/2016 - 10/08/2016
Pay Date: 10/14/2016
Advice Number: 2738187070
Batch Number: 161011DSU051
Page 001 of 001

Mari S Bautista
845 E 78th St
Los Angeles, CA 90001

| Earnings | Rate | Hours This Period | Year-to-Date |
|---|---|---|---|
| Absence | | 0.00 | 615.94 |
| Bereavement | | 0.00 | 107.12 |
| Doubletime | | 0.00 | 135.21 |
| Holiday | | 0.00 | 529.36 |
| Previous Period Hrs | | 0.00 | 101.50 |
| Vacation | | 0.00 | 837.82 |
| Time Entry Wages | | 0.00 | 17073.63 |
| Vacation | 13.39 | 1.85 | 24.78 | 24.78 |
| Overtime | | 0.00 | 1488.20 |
| CA Meal Break | | 0.00 | 146.12 |
| Monthly Bonus | | 0.00 | 1005.53 |
| Meal Break OT | | 0.00 | 22.29 |
| Merchandise Rcvd | | 0.00 | 16.41 |

| Tax Deductions | | | |
|---|---|---|---|
| Federal Tax | | 0.00 | 275.18 |
| CA Disability | | 0.22 | 182.79 |
| Social Security | | 1.53 | 1268.30 |
| Medicare | | 0.36 | 296.62 |
| CA State Tax | | 0.00 | 139.17 |

**Additional Deductions**

| | | |
|---|---|---|
| *Dental | 0.00 | 180.40 |
| *Vision | 0.00 | 79.40 |
| *Medical | 0.00 | 1387.60 |

"*" - Indicates Pre-Tax Deduction

**Other Information**

| | Hours | Dollars |
|---|---|---|
| Absence Hrs Balance | 2.00 | |

Message
March Rcvd can be GeekSquad purchases, rcv
merchandise, tickets or awards. Search Pay
Go to MYHR (hr.bestbuy.com) for details


Best Buy Stores, L.P.
612-291-1000
7601 Penn Avenue South
Richfield MN 55423

Advice Number: 2738187070
Pay Date: 10/14/2016

THIS IS NOT A CHECK

Deposited to the account of
Mari S Bautista

| | Account Number | Transit ABA | Amount |
|---|---|---|---|
| Checking | XXXXXXXXX0779 | 124071889 | $22.67 |

1
2
3
4
# EXHIBIT F
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Loc: 000137
Emp Nbr: 1100865

Best Buy Stores, L.P.
612-291-1000
7601 Penn Avenue South
Richfield MN 55423

Marital Status: Exempt
Exemptions/Allowances:
Federal: 00    $0.00
CA:      03    $0.00

# Earnings  Statement

Page  001 of 001
Period Beg/End:    09/11/2016 - 09/24/2016
Pay Date:          09/27/2016
Advice Number:     2728872711
Batch Number:      160927DSU010

Mari S Bautista
845 E 78th St
Los Angeles,  CA 90001

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| Absence | 13.39 | 8.00 | 107.12 | 615.94 |
| Bereavement | | | 0.00 | 107.12 |
| Doubletime | 26.78 | 3.60 | 96.41 | 135.21 |
| Holiday | | | 0.00 | 529.36 |
| Previous Period Hrs | | | 0.00 | 101.50 |
| Vacation | 13.39 | 14.75 | 197.51 | 837.82 |
| Time Entry Wages | 13.39 | 22.28 | 298.33 | 17073.63 |
| Overtime | 20.09 | 4.00 | 80.35 | 1408.20 |
| CA Meal Break | 13.39 | 1.00 | 13.39 | 146.12 |
| Monthly Bonus | | | 176.77 | 1005.53 |
| Meal Break OT | | | 7.92 | 22.29 |
| Merchandise Rcvd | | | 0.00 | 16.41 |

**Tax Deductions**

| | This Period | Year-to-Date |
|---|---|---|
| Federal Tax | 0.00 | 275.18 |
| CA Disability | 7.94 | 103.57 |
| Social Security | 53.32 | 1266.77 |
| Medicare | 13.98 | 296.26 |
| CA State Tax | 11.67 | 139.17 |

**Additional Deductions**

| | This Period | Year-to-Date |
|---|---|---|
| *Dental | 9.02 | 180.40 |
| *Vision | 3.97 | 79.40 |
| *Medical | 69.38 | 1387.60 |

'*' - Indicates Pre-Tax Deduction

**Other Information**

| | Hours | Dollars |
|---|---|---|
| Absence Hrs Balance | 2.00 | |

Message
March Rcvd can be GeekSquad purchases, rcv
merchandise, tickets or awards.  Search Pay
Go to MYHR (hr.bestbuy.com)  for details



Best Buy Stores, L.P.
612-291-1000
7601 Penn Avenue South
Richfield MN 55423

Advice Number:     2728872711
Pay Date:          09/27/2016

THIS IS NOT A CHECK

Deposited to the account of
Mari S Bautista

| | Account Number | Transit ABA | Amount |
|---|---|---|---|
| Checking | XXXXXXXX0779 | 124071889 | $807.32 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

**BC 645 925**

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| OTHER | | |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____ JAN 0 9 2017 _____    SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  FAX NO. (Optional):  
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____  ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)
Date:
_____  ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:
_____  ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:
_____  ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:
_____  ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)
Date:
_____  ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)
_____  ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**<br>**E-MAIL ADDRESS (Optional):**<br>**ATTORNEY FOR (Name):** | **FAX NO. (Optional):** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| | | |
|---|---|---|
| **TELEPHONE NO.:** **E-MAIL ADDRESS (Optional):** **ATTORNEY FOR (Name):** | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| SHORT TITLE: Bautista v. Best Buy Stores, L.P. | CASE NUMBER BC 645 925 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

Auto Tort

Other Personal Injury/Property Damage/Wrongful Death Tort

| SHORT TITLE: Bautista v. Best Buy Stores, L.P. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Bautista v. Best Buy Stores, L.P. | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

Row labels at left: Judicial Review; Provisionally Complex Litigation; Enforcement of Judgment; Miscellaneous Civil Complaints; Miscellaneous Civil Petitions

| SHORT TITLE: Bautista v. Best Buy Stores, L.P. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 1501 N. Victory Pl. |
|---|---|
| CITY: Burbank | STATE: CA | ZIP CODE: 91504 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 9, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**